IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EARVIN KYLES | ) |
| | ) |
| v. | ) NO. 3-14-1674 |
| | ) JUDGE CAMPBELL |
| TRG CUSTOMER SOLUTIONS, INC. | ) |

MEMORANDUM

Pending before the Court is Defendant TRG Customer Solutions, Inc.'s Motion to Dismiss or, in the Alternative, to Stay the Proceedings and Compel Arbitration (Docket No. 9). For the reasons stated herein, Defendant's Motion to Dismiss is DENIED and Defendant's Motion to Stay is GRANTED.

FACTS

Plaintiff sued his former employer and one of its employees[1] for violation of Plaintiff's rights under the Family and Medical Leave Act ("FMLA") and under the Tennessee Human Rights Act ("THRA"). Defendant TRG Customer Solutions, Inc. ("Defendant") has moved to dismiss or stay the action because of a written agreement between the parties to arbitrate all employment disputes between them. In response, Plaintiff asserts that the agreement is invalid and unenforceable under Tennessee law because it is a contract of adhesion, unconscionable, confusing, and unreasonably oppressive to Plaintiff.

The contract at issue is called a Mutual Agreement to Arbitrate (Docket No. 11-2) ("the Agreement"). The "Mediation and Arbitration - General" Section of the Agreement states that the Agreement to Arbitrate pertains to any disputes arising out of the employee's employment or

---

[1] There is no evidence in the record that Defendant Perkins has been served.

termination of employment. *Id.* at p. 3. The Agreement provides, among other things, that Plaintiff and Defendant mutually consent to the resolution, by final and binding arbitration, of any and all claims or controversies that Defendant may have against Plaintiff or that Plaintiff may have against Defendant, whether or not arising out of the employment relationship. It states that the claims shall be settled exclusively by binding arbitration and that the parties expressly agree to forego the traditional litigation system in favor of binding arbitration. It also provides that the parties understand and agree that their promises to arbitrate claims rather than to litigate them before courts or other bodies provide the consideration for each other. *Id.* at p. 6.

## ARBITRATION

Federal law provides that a party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any U.S. District Court which, save for such agreement, would have jurisdiction under Title 28 in a civil action arising out of the controversy between the parties for an order directing that such arbitration proceed in the manner provided for in the agreement. 9 U.S.C. § 4.

The Federal Arbitration Act embodies a liberal federal policy favoring arbitration agreements. *Wynn v. Five Star Quality Care Trust*, 2014 WL 2560603 at * 5 (M.D. Tenn. June 5, 2014). The Court must examine the arbitration language in light of the strong federal policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration. *Huffman v. Hilltop Companies, LLC*, 747 F.3d 391, 395 (6th Cir. 2014). Likewise, any ambiguities in the contract should be resolved in favor of arbitration. *Id.* With respect to agreements containing broadly-worded arbitration clauses, which this Agreement includes, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied

unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. *Id*.

Plaintiff argues that the Agreement is an adhesion contract under Tennessee law and, therefore, is unenforceable. Tennessee defines an adhesion contract as a standardized contract form offered on essentially a "take it or leave it" basis, without affording the weaker party a realistic opportunity to bargain and under conditions whereby the weaker party can only obtain the desired service (employment) by submitting to the form of the contract. *Buraczynski v. Eyring*, 919 S.W.2d 314, 320 (Tenn. 1996) (*cited in Seawright v. American General Financial Services, Inc.*, 507 F.3d 967, 975 (6th Cir. 2007)). A contract is not adhesive merely because it is a standardized form offered on a "take it or leave it" basis. The absence of a meaningful choice for the party occupying the weaker bargaining position must also be present. *Id*. In *Buraczynski*, the court held that the distinctive feature of a contract of adhesion is that the weaker party has no realistic choice as to its terms. *Buraczynski*, 919 S.W.2d at 320.[2]

Determining whether a contract is adhesive is fact-intensive, but a threshold factor is the presence or absence of a realistic choice a person has between signing and not signing a particular agreement. *Hardin v. Morningside of Jackson, LLC*, 425 F.Supp.2d 898, 906 (W.D. Tenn. 2006). The employee bears the burden of showing that other employers would not hire him and that he would be unable to find a suitable job if he refused to agree to arbitrate. *Howell v. Rivergate Toyota, Inc.*, 2005 WL 1736582 at ** 2 (6th Cir. July 25, 2005) (citing *Cooper v. MRM Investment Co.*, 367 F.3d 493, 503 (6th Cir. 2004)).

---

[2] The services at issue in *Buraczynski* were medical services.

3

In *Cooper*, the employee presented no evidence that she looked for comparable jobs but was unable to find one. *Cooper*, 367 F.3d at 502. In *Howell*, the employer relied solely on congressional findings concerning the disadvantages faced by older workers in order to show that he would be unable to find other suitable employment. The court said that generalizations about employer practices in the modern economy cannot substitute for evidence relating to a particular employee's ability to find a job in a particular locality. *Howell*, 2005 WL 1736582 at ** 2. In *Hardin*, the employee did not present "a scintilla" of evidence suggesting that she would have been incapable of securing alternative employment had she exercised her presumptively realistic right not to consent to the Arbitration Agreement. *Hardin*, 425 F.Supp. 2d 898 at 906. In *Seawright*, the employee failed to present evidence that she would be unable to find suitable employment. *Seawright*, 507 F.3d at 976.

Plaintiff's Affidavit (Docket No. 18) states that prior to being hired by Defendant, he had been actively seeking a job in computer technology for approximately twelve months, unsuccessfully. He states that he had applied for more than 30 computer technology positions and received no interviews. While seeking a job in computer technology, he was working a temporary job doing manual labor for Coca-Cola. When he was hired by Defendant, he stopped seeking other employment and quit his temporary job. Docket No. 18. Plaintiff contends that he would not likely be able to find other suitable work elsewhere.[3] *Id.*

The Court finds that Plaintiff's own testimony is sufficiently specific to show that he would *likely* have been unable to find suitable employment had he not signed the Agreement with

---

[3] Plaintiff also argues that because he was presented with and signed the Agreement *after* being hired, his refusal to sign the Agreement would have resulted in his termination, thereby decreasing the likelihood of finding comparable employment elsewhere.

Defendant. Plaintiff's evidence is more than "generalizations about employer practices in the modern economy." The Court need not reach the question of whether Plaintiff has shown that he actually *would not* have been able to find such employment, however, because even if Plaintiff has shown that the Agreement was adhesive, he must also demonstrate that the Agreement was unconscionable. Not all adhesion contracts are unenforceable. *Howell* at \*\* 2 (citing *Buraczynski*, 919 S.W.2d at 320)).

In Tennessee, adhesion contracts are unenforceable only when the terms are beyond the reasonable expectations of an ordinary person or oppressive or unconscionable. *Seawright*, 507 F.3d at 976. A contract is unconscionable when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other. *Id*. at 977. The Court finds that this Agreement is not unconscionable.

Plaintiff contends that the Agreement is one-sided in favor of Defendant. The Court finds, however, that the Agreement includes mutual promises of the parties and requires both parties to arbitrate. The Mutual Consent section of the Agreement (Docket No. 11-2, p. 5) provides that the parties mutually consent to the resolution by final and binding arbitration of any and all claims or controversies *that Defendant may have against Plaintiff or that Plaintiff may have against Defendant*. In the Agreement, the parties both expressly agree to forego the traditional litigation system in favor of binding arbitration. *Id*. The Agreement states that it does not enlarge substantive rights of either party. *Id*. As in *Howell*, the reciprocal obligation to arbitrate satisfies the mutuality requirement. *Howell* at \* \* 4. Plaintiff has not shown that the parties' unequal bargaining power was "so manifest as to shock the judgment of a person of common sense."

5

The exceptions to the Agreement, claims which are not subject to arbitration, include both claims of the employee and claims of the employer. The employee's claims for workers' compensation benefits, claims for unemployment benefits, and administrative claims before the National Labor Relations Board, the Equal Employment Opportunity Commission, or any parallel state or local agency are not covered by the agreement to arbitrate. Docket No. 11-2, p. 3. On the other side, actions by the employer for injunctive or other equitable relief, such as with claims of unfair competition or unauthorized disclosure of trade secrets or confidential information, are not subject to arbitration. *Id.* Thus, *both* parties have some specified claims which may be brought in court, which distinguishes this case from many of the cases cited by Plaintiff.

Plaintiff asserts that arbitration cannot provide him a full vindication of his rights. Plaintiff's claims are for interference and retaliation under the FMLA and retaliation under the THRA, both of which are listed in the Agreement (FMLA and claims for violations of any other state governmental law except those specifically excluded) as claims subject to arbitration.[4] The Agreement also provides that the arbitrator shall apply the state or federal law which would be applied by a federal court of competent jurisdiction. Docket No. 11-2, p. 5. The parties have preserved their substantive rights and chosen a neutral forum to resolve their disputes in accordance with state and/or federal law.

Plaintiff asserts that the operative clause of the Agreement was buried in a number of documents which he was required to review. The Court disagrees. The relevant document is entitled "Direct Dialogue Program and Mutual Agreement to Arbitrate." Docket No. 11-2, p. 1.

---

[4] Plaintiff argues that Defendant is not required to arbitrate any claims it may have for injunctive and/or equitable relief (*see* p. 3 of the Agreement), but Defendant has not asserted any such claims; Plaintiff has.

Thus, Plaintiff was on notice from the top of the document that it involved an agreement to arbitrate. Moreover, page 3 of the Agreement is headed "Mediation and Arbitration- General" and page 6 is entitled "Agreement to Arbitrate," giving further notice of the purposes of the document. Language in the Agreement to Arbitrate which specifically addresses the agreement to forego the litigation process is in larger type and capitalized to set it apart.[5]

Plaintiff next argues that the Agreement is unclear and confusing. The Court finds that the terms of the Agreement, in particular the provisions about arbitration, are not confusing. In Tennessee, one who fails to read or otherwise learn the contents of a contract signs the same at his peril, is estopped to deny his obligation, and will be conclusively presumed to know the contents of the contract. *Hardin*, 425 F.Supp.2d 898 at 906. There is no evidence that Plaintiff did not know or understand what he was signing or that he attempted to ask questions about it. There is no evidence that Defendant, other than presenting these documents together, took any affirmative action to interfere with or obstruct Plaintiff's opportunity to learn the contents of the documents he signed. *Id*. at 907.

Finally, the Court finds that the Agreement was supported by sufficient consideration. The Agreement provides that by accepting employment and/or continuing employment, the employee agrees to be bound by the Agreement to Arbitrate. Docket No. 11-2, p. 4. More specifically, the Agreement to Arbitrate provides that the parties understand and agree that their promises to arbitrate claims, rather than to litigate them before courts or other bodies, provide consideration for each other. *Id*. at p. 6. In *Seawright*, the court found that, under Tennessee law, mutual promises to

---

[5] The Court also finds that Plaintiff's argument about rules and forms not being provided is not persuasive. There is no evidence in this record that Plaintiff asked for these rules and forms and Defendant refused to provide them.

arbitrate constitute sufficient consideration for an arbitration agreement. *Seawright*, 507 F.3d at 974; *Wynn,* 2014 WL 2560603 at * 6. Moreover, a plaintiff's continued employment constitutes assent to the Agreement. *Id*. at * 6-7.

For all these reasons, the Court finds that the Agreement to Arbitrate signed by the parties to this action is valid and enforceable as to Plaintiff's claims herein.

Federal law provides: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.: 9 U.S.C. § 3.

Accordingly, this action is STAYED, pending the result of the parties' arbitration.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE